# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JOSE ROJERO and  
       MARTINA ROJERO,

No. 7-07-13204 MR

Debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on the United States Trustee's Motion for Order Imposing Sanctions Against Bankruptcy Petition Preparer Pursuant to 11 U.S.C. § 110 ("Motion for Sanctions"). The Motion for Sanctions requests the Court to impose sanctions against Tammy Adams, the bankruptcy petition preparer who assisted the Debtors in preparing the Debtors' statements and schedules in this bankruptcy case. The United States Trustee asserts that Ms. Adams violated 11 U.S.C. § 110 by 1) providing legal advice to the Debtors concerning their bankruptcy proceeding; 2) failing to provide the Debtors with written notice that she was not an attorney contrary to 11 U.S.C. § 110(b)(2)[1]; 3) receiving the court filing fee from the

---

[1] Section 110(b)(2) provides:
    (A) Before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with Rule 9009 of the Federal Rules of Bankruptcy Procedures.
    (B) The notice under subparagraph (A) –
        (I) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice;
        (ii) may contain a description of examples of legal advice that a bankruptcy petition preparer is not authorized to give . . . ; and
        (iii) shall --
            (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and
            (II) be filed with any document for filing.
11 U.S.C. § 110(b)(2).

Ms. Adams did, in fact, prepare and file the notice required under 11 U.S.C. § 110(b)(2), and the United States Trustee has withdrawn his request for sanctions based on an alleged violation of this section.

1

Debtors; and 4) charging an unreasonable and excessive fee for her services. The United States Trustee asserts further that providing legal advice constitutes an unfair, deceptive or fraudulent act within the meaning of 11 U.S.C. § 110(1)(l). The United States Trustee requests that the Court fine Ms. Adams $500.00 for each violation of 11 U.S.C. § 110, impose sanctions in the amount of $2,000.00 based on Ms. Adams' alleged fraudulent, unfair and deceptive practices, and order Ms. Adams to disgorge all but $100.00 of the fee the Debtors paid her in connection with this case.

The Court held a final hearing on the Motion for Sanctions on October 16, 2008 and took the matter under advisement. Upon consideration of the evidence and testimony admitted at the final hearing, the Court finds that Ms. Adams violated 11 U.S.C. § 110. Consequently, the Court will impose sanctions and assess fines against Ms. Adams as determined below.

## FINDINGS OF FACT

Based on the evidence presented at the final hearing, the Court enters the following findings of fact:

1. Tammy Adams is a bankruptcy petition preparer doing business as Winds of Change Document Preparation Service. She is not an attorney licensed to practice law in the state of New Mexico, nor is she a paralegal or legal assistant working under the supervision and control of a licensed attorney.

2. Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 19, 2007 as Case No. 7-07-13207 MR.

3. Ms. Adams prepared the documents filed by the Debtors in this case, including the Petition for Relief, Schedules A through J, the Statement of Financial Affairs, the Statement of

Current Monthly Income and Means Test Calculation ("Form B22A"), and the Disclosure of Compensation of Bankruptcy Petition Preparer.

4. Ms. Adams filed a Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer. *See* Exhibit J.

5. Debtors paid Ms. Adams $642.00 for her services in connection with this case.

6. Neither of the Debtors speak or read English very well. Mr. Rojero testified at the final hearing that he can speak and read a little bit of English, but not very well. A translator was used at the final hearing.

7. Ms. Adams met with the Debtors at her home so that she could prepare the paperwork necessary to file the bankruptcy. The Debtors had a friend who served as a translator when they met with Ms. Adams. Debtors provided Ms. Adams with information including bills and credit reports from which she prepared their petition, statements, and schedules.

8. Ms. Adams provided the Debtors with the exemption statutes and other pre-printed materials regarding bankruptcy, along with a Case Information Worksheet. *See* Exhibits B, C, D, E, F, G, H, I, and L. The handwriting on the Case Information Worksheet is Ms. Adams'. *See* Exhibit D.

9. Mr. Rojero testified that he did not know that Ms. Adams was not an attorney until the meeting of creditors, that Ms. Adams told him he would not have to pay creditors but could keep his home, and that he should file bankruptcy under Chapter 7. In determining values for property listed in the Debtors' statements and schedules, Ms. Adams asked Mr. Rojero what he paid for personal property and what he thought he could receive if he sold them at a garage sale and told him he should use garage sale values.

3

10. The Debtors do not understand the exemption statutes identified on Schedule C filed in their bankruptcy case and did not check the box indicating their election of exemptions under 11 U.S.C. § 522(b)(3) as indicated on Schedule C.

11. The Debtors obtained a money order to pay the filing fee.  They paid Ms. Adams' fee in cash.  Mr. Rojero could not recall whether Ms. Adams sent in the bankruptcy paperwork with the filing fee or he sent it to the Court for filing.

12.  Ms. Adams used bankruptcy software to complete the statements and schedules based on information the Debtors provided her.  The bankruptcy software is pre-set to use the New Mexico exemption statutes.  Ms. Adams uses the New Mexico exemptions to complete Schedule C unless the client requests federal exemptions.

13. Following the meeting of creditors Debtors completed a Questionnaire for Debtors Without an Attorney ("Questionnaire").  *See* Exhibit A.  The Questionnaire reports that the Debtors paid Ms. Adams $642.00, which included the court filing fees, that the person who assisted the Debtors explained the difference between Chapter 7 and Chapter 13 and explained what an exemption was.  The Questionnaire also reflects that the petition preparer did not say or indicate to the Debtors that she was an attorney or working with an attorney.

14.  Debtors fall below the median income for a family of the same size in this district.

15. Dalene Lucero, a paralegal who works on bankruptcy matters for an attorney in Roswell, New Mexico, testified that it typically takes about 1.5 to 2 hours to prepare the paperwork to file a bankruptcy for an under-median income debtor.  She further testified that typing services in the area typically charge about $5.00 per page to type information onto blank forms.

4

CONCLUSIONS OF LAW

1. Under 11 U.S.C. § 110, persons who negligently or fraudulently prepare bankruptcy petitions on behalf of debtors or fail to comply with the requirements under that section are subject to the imposition of penalties. *See, e.g.,* 11 U.S.C. § 110(I) and (l).

2. A bankruptcy petition preparer is defined as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing[.]" 11 U.S.C. § 110(a)(1).

3. A "document for filing" is further defined under 11 U.S.C. § 110(a)(2) as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

4. Ms. Adams is a bankruptcy petition preparer within the meaning of 11 U.S.C. § 110(a)(1).

5. Bankruptcy petition preparers are prohibited from offering legal advice. 11 U.S.C. § 110(e)(2)("A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice . . .").

6. Legal advice includes advising the debtor 1) whether to commence a case under the Bankruptcy Code; 2) whether filing under Chapter 7 or 13 is appropriate; 3) whether the debtor will be allowed to retain his or her home after filing for bankruptcy; 4) how to characterize the debtor's property interests or debts; and 5) about bankruptcy procedures and rights. 11 U.S.C. § 110(e)(2)(B)(I), (iii), (vi) and (vii).[2]

---

[2]Section 110(e)(2)(B) provides, in relevant part:
   [L]egal advice . . . includes advising the debtor–
      (I) whether–

5

7. Bankruptcy petition preparers are prohibited from collecting payment from a debtor for court fees, such as the filing fee for filing a petition with the Bankruptcy Court. 11 U.S.C. § 110(g).

8. Ms. Adams signed the Debtors' bankruptcy petition as a "Non-Attorney Petition Preparer."  By signing as a "Non-Attorney Petition Preparer" Ms. Adams acknowledged under oath that she is subject to the provisions of 11 U.S.C. § 110, governing non-attorney bankruptcy petition preparers.

9. Pursuant to 11 U.S.C. § 110(I), upon a finding that a bankruptcy petition preparer has violated the provisions under that section, or has committed any fraudulent, unfair, or deceptive act, the Court must order the bankruptcy petition preparer to pay the debtors a sanction.   That section provides:

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on a motion of the debtor,

---

> (I) to file a petition under this title; or
> (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
> (ii) whether the debtor's debts will be discharged in a case under this title;
> (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
> (iv) concerning--
> (I) the tax consequences of a case brought under this title; or
> (II) the dischargeability of tax claims;
> (v) whether the debtor may or should promise to repay the debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
> (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
> (vii) concerning bankruptcy procedures and rights.
>
> 11 U.S.C. § 110(e)(2).

6

>     trustee, United States trustee (or the bankruptcy administrator, if any), and after
>     notice and a hearing, the court shall order the bankruptcy petition preparer to pay
>     the debtor --
>         (A) the debtor's actual damages;
>         (B) the greater of --
>             (I) $2,000; or
>             (ii) twice the amount paid by the debtor to the bankruptcy petition
>                 preparer for the preparer's services; and
>         (C) reasonable attorneys' fees and costs in moving for damages under this
>             subsection.

11 U.S.C. § 110(b).

10. A bankruptcy petition preparer's failure to comply with 11 U.S.C. § 110(e) by improperly offering the debtor legal advice may result in forfeiture of all fees charged by the bankruptcy petition preparer in connection with the case. 11 U.S.C. § 110(h)(3)(B) ("All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).").

11. Any fee charged by a bankruptcy petition preparer which the Court finds exceeds the value of services provided must be turned over to the bankruptcy trustee. 11 U.S.C. § 110(h)(3)(A). The Debtors may exempt the funds recovered by the trustee in accordance with 11 U.S.C. § 522(b). 11 U.S.C. § 110(h)(C).

12. The Court may also fine a bankruptcy petition preparer $500.00 for each violation or failure to comply with subsections (b)-(h) of 11 U.S.C. § 110. 11 U.S.C. § 110(l)(1) ("A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.").

13. Providing a debtor with legal advice, which constitutes the unauthorized practice of law, can also constitute an unfair or deceptive act within the meaning of 11 U.S.C. § 110(I). *In re Moffett,* 263 B.R. 805, 813 (Bankr.W.D.Ky. 2001)("[T]he unauthorized practice of law by a

7

bankruptcy petition preparer may constitute a fraudulent, unfair or deceptive act within the context of 11 U.S.C. § 110(i)(1).")(citations omitted); *In re Gomez,* 259 B.R. 379, 386 (Bankr.D.Colo. 2001)("For a petition preparer to offer legal expertise or to provide legal information, analysis or advice is patently unfair and deceptive to debtors."); *In re Guttierez* 248 B.R. 287, 294 (Bankr.W.D.Tex. 2000)(finding that bankruptcy petition preparer "engaged in fraudulent and deceptive conduct when she both offered and provided legal services without a law license.").

14. Ms. Adams gave the Debtors legal advice by 1) determining under which chapter of the Bankruptcy Code to file; 2) choosing the New Mexico exemptions and applying them to the Debtors' assets; 3) telling the Debtors that they would be able to keep their home after the bankruptcy; and 4) advising the Debtors how to value their property in their statements and schedules. These actions violated 11 U.S.C. § 110(e)(2)(B)(i), (iii) and (vi). As stated by the *Gomez* court, "[a] petition preparer may not assist a debtor in determining what information should be included on such documents or offer any information or advice as to what the law is or how it applies to the debtor's circumstances." *Gomez,* 259 B.R. at 386. "[A] petition preparer is limited by §110 to copying and typing bankruptcy documents." *Id.*

15. Ms. Adams gave the Debtors information concerning bankruptcy, including a list of federal and state exemptions, and information the Bankruptcy Court provides to pro se debtors, but it is clear, based on Mr. Rojero's testimony, that the Debtors did not understand the types of exemptions available to them or what property they could claim exempt. Ms. Adams made those elections, even if her bankruptcy software program automatically uses the New Mexico exemption statutes. Such actions constitute an unauthorized practice of law and violates 11

8

U.S.C. § 110(e)(2)(B). *See In re Moffett,* 263 B.R. 805, 814 (Bankr.W.D.Ky. 2001)("[A]dvising clients about exemptions, or determining which exemptions apply to a client's property, is the unauthorized practice of law.")(citing *In re Gomez,* 259 B.R. at 387 and *In re Lyvers,* 179 B.R. 837, 839-840 (Bankr.W.D.Ky. 1995)); *In re Kaitangian,* 218 B.R. 102, 110 (Bankr.S.D.Cal. 1998)(finding that bankruptcy petition preparer violated § 110 by choosing exemptions, stating that "[p]lugging in solicited information from questionnaires and personal interviews to a pre-packaged bankruptcy software program constitutes the unauthorized practice of law.").

16. Mr. Rojero testified that he did not recall whether he or Ms. Adams mailed the petition, statements and schedules to the Bankruptcy Court for filing, but he clearly remembered that he paid Ms. Adams in cash and obtained a money order for the filing fee. Based on such testimony, the Court concludes that there is insufficient evidence that Ms. Adams improperly collected the filing fee in violation of 11 U.S.C. § 110(g).

17. Because a bankruptcy petition preparer is restricted to performing "only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance," a reasonable fee for such services should be similar to those that a professional typist or word processor would charge. *In re Bush,* 275 B.R. 69, 84 (Bankr.D.Idaho 2002). Fees charged by a bankruptcy petition preparer in excess of the reasonable value for such services are subject to turnover in accordance with 11 U.S.C. § 110(h)(3). Ms. Adams charged the Debtors $642.00 to prepare their petition, statements, and schedules. Together, the petition, statements, and schedules filed in the Debtor's bankruptcy proceeding totaled thirty-four (34) pages. *See* Case No. 7-07-13204 MR, Docket #1. Ms. Lucero testified that typists typically charge $5.00 per page to type information onto blank forms.

9

18. The fee charged by Ms. Adams in this bankruptcy case was excessive, and all but $170.00 of the fee will be disallowed in accordance with 11 U.S.C. § 110(h)(3)(A). Because the Debtors have sufficient New Mexico exemption amounts in excess of those claimed on Schedule C, the disallowed portion of the fee shall be paid over to the Debtors in accordance with 11 U.S.C. § 110(h)(C). *See* 11 U.S.C. § 110(h)(C) ("An individual may exempt any funds recovered under this paragraph under section 522(b)."); Debtor's Schedule C; N.M.S.A. 1978 § 42-10-1 and § 42-10-2 (Cum. Supp. 2007).

19. By giving legal advice to the Debtors in violation of 11 U.S.C. § 110(e)(2)(B), Ms. Adams committed an act that was fraudulent, unfair, or deceptive, and is, therefore, subject to a sanction of $2,000.00[3] payable to the Debtors in accordance with 11 U.S.C. § 110(i)(1)(B)(i).[4]

20. As noted by the *Moffett* court, "[s]ome courts have held that the use of any questionnaire to solicit information from the client which is then used to complete the official forms through use of a computer program is the unauthorized practice of law." *Moffett,* 263 B.R. at 815 (citing *Hastings v. United States Trustee (In re Agyekum),* 225 B.R. 695, 702 (9th Cir. 1998) and *In re Moore,* 232 B.R. 1, 8 (Bankr. D.Me. 1999)(holding "that a bankruptcy petition preparer's unlawful dispensation of legal advice constitutes a 'fraudulent, unfair, or deceptive act' within the meaning of § 110(i)(1).")(citation omitted)). Such action constitutes an

---

[3] Section 110(i)(1)(B) directs the court to order payment of "the greater of . . . $2,000; or . . twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services[.]" 11 U.S.C. § 110(i)(1)(B). In this case, the Debtors paid Ms. Adams $642.00 for her services, so Ms. Adams is subject to the greater amount of $2,000.00 under this section.

[4] *See, e.g., Moffett,* 263 B.R. at 815 (concluding that "[b]ecause [the bankruptcy petition preparer] has engaged in the unauthorized practice of law . . . she has also committed fraudulent, unfair or deceptive acts in violation of 11 U.S.C. § 110(i)(1).").

10

unauthorized practice of law because "transferring information from the questionnaire to the official bankruptcy forms invariably will require some legal judgment." *Moffett,* 263 B.R. at 815.

21. Ms. Adams used a questionnaire, which has her writing on it, to solicit information from the Debtors from which she prepared the petition, statements and schedules using a bankruptcy computer software program.  Such actions are unfair, deceptive, or fraudulent inasmuch as they required Ms. Adams to render legal assistance to the Debtors that she is prohibited from providing as a non-attorney bankruptcy petition preparer.

22. Upon a finding of a fraudulent, unfair, or deceptive act, the sanction imposed under 11 U.S.C. § 110(i)(1) is mandatory. *See* 11 U.S.C. § 110(i)(1) (" . . . the court *shall* order the bankruptcy petition preparer to pay the debtor")(emphasis added); *In re Jarvis,* 351 B.R. 894, 898 (Bankr.E.D.Tenn. 2006)(stating that "[t]his section [110(i)(1)] requires the imposition of sanctions by the court for a violation of §110 if the violation is brought to the court's attention on motion fo the United States Trustee" and noting further that "[t]he language of this section is mandatory."); *In re McGill,* 2007 WL 1119939 *7 (Bankr.E.D.Tenn. 2007)(unreported)(stating that "[t]he language of this section is mandatory and cumulative.").

23. The instances of giving legal advice to the Debtors set forth in conclusion number 14., *supra,* subject Ms. Adams to a fine of not more than $500.00 for each violation.  11 U.S.C. § 110(l)(1).  The Court has discretion to determine the amount of the fine per violation, provided that it does not exceed $500.  *See* 11 U.S.C. § 110(l)(1) ("A bankruptcy petition preparer . . . *may* be fined not more than $500 for each such failure.")(emphasis added).  *See also In re Springs,* 358 B.R. 236, 247 (Bankr.M.D.N.C. 2006)(imposing fine of $35.00 for each violation).  The Court concludes that a fine in the amount of $25.00 for each instance is appropriate.

11

These findings of fact and conclusions of law are entered in accordance with Rule 7052, Fed.R.Bankr.P. The Court will enter an order consistent with these findings and conclusions.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: December 10, 2008

COPY TO:

Alice Nystel Page
Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

Tammy Adams
Winds of Change Document Preparation Service
3102 S. Union Ave.
Roswell, NM 88203

Jose L. Rojero
Martina Rojero
617 S. McKinley
Hobbs, NM 88240

Linda S. Bloom
Chapter 7 Trustee
PO Box 218
Albuquerque, NM 87103